**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| J.B., | ) | CASE NO: 4:23CV1015 |
| | ) | |
| | ) | |
|     Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Honorable Sandra Stabile Harwood, | ) | |
| | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

Pending before the Court is a motion to dismiss filed by Defendant Judge Sandra

Stabile Harwood.  Doc. 5.  Plaintiff J.B., a minor, has opposed the motion, and Judge

Harwood has replied in support.   Upon review, the motion to dismiss is GRANTED, and

this matter is DISMISSED.

## I.  Factual Background

J.B. filed this proposed class action lawsuit against Judge Harwood alleging that a

particular policy adopted by the Trumbull County Court of Common Pleas Juvenile

Division violates the procedural due process rights of certain minors.  J.B. admits in her

complaint that on May 26, 2023, she stole a neighbor's vehicle, went for a joy ride in the

vehicle, and caused damage to the vehicle while driving it.  As a result of her actions, she

was charged with failure to comply with the order of a police officer and theft – both

felonies.  Based upon assertions that J.B.'s actions were the result of psychological harm

that she suffered from an alleged sexual assault that was never prosecuted, J.B. effective

sought some form of diversion.  Specifically, J.B. sought "the benefits of Juvenile Rule 9(A)" and requested to be evaluated.

Judge Harwood declined to utilize the informal processes that would fall under Rule 9.  J.B. contends that Rule 9 was not utilized because the Juvenile Court has a blanket policy not to apply Rule 9 in all felony cases.  J.B. claims that "the failure of the Trumbull County Juvenile Court to even consider alternative ways to deal with J.B.'s particular situation caused J.B. to be incarcerated in the juvenile detention center where she developed  a severe eating disorder, and other conditions that almost led to her death." Doc.1 at 7.

Based upon the above, J.B. filed her complaint pursuant to 42 U.S.C. § 1983.  J.B. claims that the policy enforced by the Juvenile Court violates her procedural due process rights and her right to Equal Protection.  Judge Harwood has moved to dismiss the complaint asserting that the Juvenile Rules at issue do not give rise to a procedural due process claim.  The Court now resolves the parties' arguments.

**II. Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-

46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### III. Analysis

The Sixth Circuit has explained when state law can create a protected liberty interest as follows:

State law creates protected liberty interests only when (1) the state places "substantive limitations on official conduct" by using "explicitly mandatory language in connection with requiring specific substantive predicates," and (2) the state law requires a specific outcome if those "substantive predicates are met." *Gibson v. McMurray*, 159 F.3d 230, 233 (6th Cir.1998) (internal quotation marks omitted). Procedural rights that "do not require a particular substantive outcome" cannot give rise to protected liberty interests. *Id.* Otherwise, federal courts could end up discouraging states from creating their own systems of procedural rights because states would fear opening

themselves up to federal scrutiny. *See Hewitt*, 459 U.S. at 471 (noting the irony of subjecting states who offer more protections to greater federal oversight)[.]

*Fields v. Henry Cnty., Tenn.,* 701 F.3d 180, 186 (6th Cir. 2012).

J.B. contends that two Juvenile Rules working in tandem satisfy this standard.  Ohio Juvenile Rule 1(B) provides:

These rules shall be liberally interpreted and construed so as to effectuate the following purposes:

(1) To effect the just determination of every juvenile court proceeding by ensuring the parties a fair hearing and the recognition and enforcement of their constitutional and other legal rights;

(2) To secure simplicity and uniformity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay;

(3) To provide for the care, protection, and mental and physical development of children subject to the jurisdiction of the juvenile court, and to protect the welfare of the community; and

(4) To protect the public interest by treating children as persons in need of supervision, care and rehabilitation.

While Juvenile Rule 9(A) provides: "In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court."

J.B. asserts that the mandatory language of Rule 1 ("shall be liberally") applies equally to Rule 9(A) creating a liberty interest.  While J.B.'s argument is unique, it falls well short of the standard required to create a protected liberty interest.  As the Sixth Circuit has noted, to create a protected interest, procedural rights must "require a particular substantive outcome." *Gibson,*159 F.3d at 233.  Even reading Rule 1 and Rule 9 in tandem, no particular substantive outcome is dictated by those rules.  Moreover, contrary to J.B.'s assertions, the mandatory language of Rule 1 requiring a liberal construction *cannot* be

4

read to convert the permissive language of Rule 9, "should be avoided," into a mandatory condition.[1] In order to reach such a conclusion, the Court would effectively rewrite the language of Ohio Juvenile Rule 9(A). As the Court has no authority to do so, J.B.'s claim that the two rules together create a protected liberty interest must fail.

J.B.'s Equal Protection claim must fail for similar reasons. The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Supreme Court has stated that this language "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). The states cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference. *Id.*; *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). J.B. does not allege that she was a member of a suspect class. Moreover, this Court has determined that J.B. failed to identify any protected legal interest. Accordingly, her claim alleging a violation of her Equal Protection rights must fail.

In closing, the Court would note that dismissal of this lawsuit should not be read as an endorsement of the policy allegedly adopted by the Trumbull County Juvenile Court. A policy that strips away the discretion expressly granted by the Juvenile Rules would run counter to *both* the spirit and the language of those rules. Moreover, there can be little doubt that the exercise of discretion is of vital importance in Juvenile Court where the decision whether to proceed with formal court action can have life-changing impacts on

---

[1] The Court notes that the mandatory language of Rule 1 to liberally construe the remaining rules does not require a "particular outcome" under *any* of the Juvenile Rules.

young persons.  However, the alleged policy of the Juvenile Court is properly litigated in state court because it does infringe on any federally-recognized, protected liberty interests.

### IV. Conclusion

Based upon the above, Judge Harwood's motion to dismiss is GRANTED.  This matter is hereby DISMISSED.

IT IS SO ORDERED.


December 7, 2023          /s/ *Judge John R. Adams*
DATE                                       JUDGE JOHN R. ADAMS
                                               UNITED STATES DISTRICT COURT